UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00608-GNS

SAMANTHA D. (ROWELL) COMMINS,
Individually and as Next Friend, Natural Parent
and Legal Guardian of N.C. and E.C., Minor
Children, and as Personal Representative and
Ancillary Administratrix of the Estate of Samuel
Jack Commins, Deceased                                                                    PLAINTIFFS

v.

NES RENTALS HOLDINGS, INC., et al.                                                        DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendants' Joint Motion to Transfer for Improper Venue (DN 19). For the reasons discussed below, the motion is **DENIED**.

### I.   BACKGROUND

This is a wrongful death and survival action sounding in products liability. Samuel Commins ("Commins") was killed while operating a boom lift manufactured by Defendant Genie Industries, Inc. ("Genie") which Commins' employer leased from Defendants NES Rentals Holdings, Inc. and NES Equipment Services Corporation d/b/a NES Rentals (collectively, "NES") at its Louisville, Kentucky store. (Compl. ¶ 11, DN 1).[1] NES delivered

---

[1] NES Rentals Holdings, Inc. is a Delaware corporation with its principal place of business in Illinois. (Compl. ¶ 6). NES Equipment Services Corporation, a wholly owned subsidiary of Defendant NES Rentals Holdings, Inc., is an Illinois corporation with its principal place of business in Illinois. (Compl. ¶ 7). Genie is a Washington corporation. (Compl. ¶ 8). While NES Rentals Holdings and NES Equipment Services Corporation appear to be separate entities, Defendants have made no effort to distinguish them and have referred to them collectively as NES. For example, in their motion, Defendants admit that "Commins' employer leased the

the lift to a jobsite in Ghent, Kentucky. (Compl. ¶ 11). Commins died while operating the boom lift at the Ghent jobsite. (Compl. ¶¶ 12-15). Plaintiffs filed suit in this Court against NES and Genie, alleging that the boom lift's defective design, maintenance, warnings, and instructions caused Commins' death. (Compl. ¶¶ 18-29). Now, Defendants move the Court to transfer this action to the Eastern District of Kentucky, Frankfort Division, on the grounds that this district is an improper venue. Plaintiffs filed a response opposing transfer, Defendants replied, and the Court held oral argument. The matter stands ripe for decision.

## II. JURISDICTION

The Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. DISCUSSION

Plaintiffs argue that venue is proper in the Western District of Kentucky under 28 U.S.C. § 1391(b)(1) & (b)(2). Section 1391(b) provides, in relevant part:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b)(1)-(2).[2]

---

Boom Lift from NES's office in Louisville." (Defs.' Mem. Supp. Mot. Transfer 2, DN 19-1). Therefore, like Defendants, the Court will treat NES Rental Holdings and NES Equipment Services Corporation as one for purposes of this motion.

[2] At the outset, the parties disagree as to which party bears the burden of proving venue is proper. Candidly, it is unclear which party is correct. Some courts within the circuit have concluded that it is the plaintiff's burden. *See, e.g.*, *Sechel Holdings, Inc. v. Clapp*, No. 3:12-CV-00108-H, 2012 U.S. Dist. LEXIS 108298, at *4 (W.D. Ky. Aug. 2, 2012) (citations omitted); *Crutchfield v. Santos*, No. 5:07CV-94-R, 2007 U.S. Dist. LEXIS 86558, at *3 (W.D. Ky. Nov. 19, 2007)

### A. Section 1391(b)(1)

Defendants argue that Plaintiffs waived any argument that venue is proper in the Western District of Kentucky under Section 1391(b)(1) because they relied solely upon Section 1391(b)(2) in the Complaint. NES has recognized that Plaintiffs "were not required to include allegations in their Complaint showing that venue is proper." (Def.'s Reply 6, DN 26). Rather, NES contends that "Plaintiffs chose to make those allegations, and are now bound by them." (Def.'s Reply 6). Genie argues likewise.[3]

The Court finds this argument unpersuasive. Section 1391(b)(2) is not even cited in the Complaint. Instead, the Complaint provides that "[v]enue is proper in this district under 28 U.S.C. § 1391." (Compl. ¶ 10). True, it goes on to allege that:

> A substantial part of the events giving rise to the claim occurred in this district, and specifically in the Louisville division. In January 2012, the defectively designed Genie S-85 Boom Lift at issue in this case was shipped to NES's facility in Louisville, Kentucky. Since that time, all of NES's maintenance on this Boom Lift has been performed by NES employees located in Louisville, Kentucky. In January 2014, NES's Louisville office leased the Boom Lift to the decedent's employer. All of the NES witnesses expected to testify about the leasing, maintenance, and inspection of this Boom Lift are located in Kentucky and are believed to work out of NES's Louisville office. The Boom Lift has been stored at NES's facility in Louisville since Mr. Commins' death.

(Compl. ¶ 10). But these allegations could be viewed as related to one of two things: Section 1391(b)(2) or Local Rule 8.1, which requires "[a] party commencing a civil action [to] include in the complaint . . . if located in Kentucky, the jury division in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is

---

(citation omitted). Others, however, have concluded that the defendant bears the burden. *See, e.g.*, *Vizachero v. McAlees*, No. 12-13985, 2013 U.S. Dist. LEXIS 90301, at *15 (E.D. Mich. June 27, 2013) (citations omitted); *Long John Silver's v. DIWA III, Inc.*, 650 F. Supp. 2d 612, 631 (E.D. Ky. 2009). Regardless of which party bears the burden, venue is proper in the Western District of Kentucky.

[3] While Defendants filed this motion jointly, they filed separate replies.

the subject of the action is situated." These allegations are not judicial admissions that bind Plaintiffs to one venue theory, as Defendants contend. Indeed, Defendants have failed to point the Court to any decision holding that a plaintiff is bound to a specific venue provision merely because they arguably alleged facts related to that provision in the complaint. Plaintiffs had no duty to allege facts concerning venue. Fed. R. Civ. P. 8(a)(1)-(3) (listing what complaint must allege); 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3826 (citations omitted) ("[T]he plaintiff is not required to include allegations showing that venue is proper."); 17 *Moore's Federal Practice* § 110.01[5][c] ("[A] plaintiff need not allege the basis for filing in a particular district . . . ."). Thus, it would be incongruous to limit them to one venue theory based on what may or may not have been alleged in the Complaint.

Turning to the merits of Plaintiffs' Section 1391(b)(1) argument, under that provision, venue is proper in a judicial district where a single defendant resides so long as that district is within a state in which all defendants reside. 28 U.S.C. § 1391(b)(1). For venue purposes, corporations reside in districts where they are subject to personal jurisdiction. Specifically, 28 U.S.C. § 1391(c) provides that, "[f]or all venue purposes" a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." With respect to states with multiple judicial districts, 28 U.S.C. § 1391(d) instructs courts, when determining whether a corporate defendant is subject to personal jurisdiction in a given district of a multi-district state (i.e., resides in a given district), to treat each district as if it were a separate state. That subsection provides:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be

> sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d). In other words, in states like Kentucky, a defendant does not reside in a particular federal district simply because it is subject to personal jurisdiction in the state at large.

As discussed below, NES is subject to personal jurisdiction in the Western District of Kentucky, and Genie admits that it is subject to personal jurisdiction in Kentucky. As a result, NES resides in the Western District, Genie resides in Kentucky, and venue is proper in the Western District of Kentucky under 28 U.S.C. § 1391(b)(1). *See Spanier v. Am. Pop Corn Co.*, No. C15-4071-MWB, 2016 U.S. Dist. LEXIS 50071, at *12 (N.D. Iowa Apr. 14, 2016) ("[S]ince American Pop Corn resides in the Northern District of Iowa, venue is proper in [the Northern District of Iowa] under § 1391(b)(1) if all of the other defendants are residents of Iowa."); *Williams v. Terex Corp.*, No. 01-3770, 2001 U.S. Dist. LEXIS 19118, at *4 (E.D. Pa. Nov. 20, 2001) ("General Motors has not objected to personal jurisdiction and is therefore deemed a resident of Pennsylvania. Therefore, if there is personal jurisdiction over Terex in the Eastern District of Pennsylvania, both defendants would be deemed to reside in the same state and venue lies in [the Eastern District of Pennsylvania]."); *Chavis v. A-1 Limousine*, No. 95 Civ. 9560 (LAP), 1998 U.S. Dist. LEXIS 1979, at *7 (S.D.N.Y. Feb. 24, 1998) ("Accordingly, if both defendants are subject to personal jurisdiction in New York, they each will be deemed to 'reside' in the 'same state' under [Section 1391(b)(1)]. Under such circumstances, venue will be proper in the Southern District so long as one of those defendants 'resides,' i.e., is subject to personal jurisdiction, in the Southern District.").

### 1. *NES Resides in the Western District of Kentucky*

Generally, a court's exercise of personal jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and principles of federal due process. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citation omitted); *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148-49 (6th Cir. 1997) (citations omitted); Fed. R. Civ. P. 4(k)(1)(A). Some long-arm statutes are coextensive with due process and thus only the constitutional analysis is required. *See, e.g.*, Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). The Kentucky Supreme Court, however, held somewhat recently that the Commonwealth's long-arm statute demands more than the constitutional inquiry. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56 (Ky. 2011). As a result, in the typical case, state and federal courts in Kentucky must first look to Kentucky's long-arm statute, then to requirements of federal due process in determining whether they can exercise personal jurisdiction over a non-resident defendant.

That said, when dealing with the residency of corporations under the federal venue statute—an inquiry dependent on the concept of personal jurisdiction—there is a split among the federal district courts as to whether this procedure governs. 17 *Moore's Federal Practice* § 110.03[c]. Some courts have held that only the constitutional minimum-contacts test set out in *International Shoe* and its progeny need be met, while other courts have held that more restrictive state long-arm statutes must also be satisfied. *Id.* (collecting cases). Here, the Court need not express an opinion on the matter because, as will be shown below, utilizing Kentucky's long-arm statute does not change the result.

NES is subject to personal jurisdiction in this district under Kentucky's long-arm statute. Under the long-arm statute, courts must determine whether the plaintiff's claim "arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories." *Caesars*, 336 S.W.3d at 57. "A claim 'arises from' certain conduct when there is a 'reasonable and direct nexus' between the conduct causing the injury and the defendant's activities in the state." *Churchill Downs, Inc. v. NLR Entm't, LLC*, No. 3:14-CV-166-H, 2014 U.S. Dist. LEXIS 71672, at *15 (W.D. Ky. May 27, 2014) (quoting *Caesars*, 336 S.W.3d at 59). One provision of the long-arm statute provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's . . . [c]ausing tortious injury by an act or omission in this Commonwealth . . . ." KRS 454.210(2)(a)(3).

NES's alleged conduct falls within KRS 454.210(2)(a)(3). NES leased the boom lift from its store in Louisville, and performed maintenance on the boom lift prior to leasing it. (NES Maintenance Records, DN 22-5).[4] Plaintiffs allege that the boom lift's defective design, maintenance, warnings, and instructions caused Commins' death. More particularly, Plaintiffs allege that the boom lift lacked a protective structure and a protective alarm, and that the boom lift's warning horn, lights, and joystick were functioning improperly at the time NES leased the boom lift to Commins' employer. (Compl. ¶¶ 19-29, 35). Plaintiffs claim that NES "knew or should have known that [the boom lift it leased to Commins' employer] posed an unreasonable danger and was in a defective condition . . . ." (Compl. ¶ 35). Additionally, Plaintiffs allege that NES should have remedied or disclosed the boom lift's deficiencies. (Compl. ¶¶ 24-25). Therefore, Plaintiffs' claims against NES arise from NES allegedly "causing tortious injury by

---

[4] It seems well settled that courts may consider matters outside the pleadings when ruling motions concerning improper venue, just like when they rule on motions to dismiss for lack of personal jurisdiction. *Spanier*, 2016 U.S. Dist. LEXIS 50071, at *10 (collecting cases).

an act or omission in this Commonwealth," more specifically, in this district at its store in Louisville, Kentucky.

NES is also subject to personal jurisdiction in this district under the constitutional minimum-contacts test. Of course, for a court to exercise personal jurisdiction over a defendant consistent with due process, that defendant must have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "Personal jurisdiction can either be general or specific, depending on the nature of the contacts that the defendant has with the forum state." *Bird*, 289 F.3d at 874 (citing *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992)).

Plaintiffs have not argued that NES resides in the Western District because it is subject to general jurisdiction here, leaving us with specific jurisdiction, which is proper only "in a suit arising out of or related to the defendant's contacts with the forum." *Bird*, 289 F.3d at 874 (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). The Sixth Circuit has established a three-part test (the "*Mohasco* test") for courts to utilize in determining whether they may exercise specific jurisdiction over a defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). As to NES, all three parts of this test are satisfied.

First, NES purposefully availed itself of the privilege of acting in this district. "The emphasis in the purposeful availment inquiry is whether the defendant has engaged in 'some overt actions connecting the defendant with the forum state.'" *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003) (quoting *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998)). NES leases boom lifts from its store in Louisville, including the boom lift at issue here. These are overt actions that connect NES to the Western District.

Second, Plaintiffs' cause of action arises from NES's activities in the Western District. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *Bird*, 289 F.3d at 875 (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996)). This prong of the *Mohasco* test "does not require that the cause of action formally arise from defendant's contacts with the forum; rather [it] requires only that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities." *Id.* (internal quotation marks omitted) (quoting *Third Nat'l Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989)). Plaintiffs have asserted a number of claims against NES, all of which sound in products liability and concern the boom lift's allegedly defective design, maintenance, warnings, and instructions. NES leases boom lifts from its store in Louisville, including the boom lift Commins was operating at the time of his death. It also performed maintenance on the boom lift at issue in Louisville before leasing it. Again, Plaintiffs allege that the boom lift was defective because it lacked a protective structure or protective alarm and its warning horn, lights, and joystick were functioning improperly at the time NES leased the boom lift to Commins'

employer. Plaintiffs claim that NES is liable because it knew or should have known these things, and failed to remedy or warn about them.

Third, NES's actions have a substantial enough connection with the Western District to make the exercise of jurisdiction over it reasonable. "Several factors are relevant to the reasonableness inquiry, including the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id.* (internal quotation marks omitted) (quoting *Compuserve, Inc.*, 89 F.3d at 1268). However, "[a]n inference arises that the [reasonableness-prong] is satisfied if the first two requirements are met." *Id.* (citing *Compuserve, Inc.*, 89 F.3d at 1268). Because this Court must analyze whether NES is subject to jurisdiction in the Western District for venue purposes, a number of the factors considered in analyzing this prong, such as the interest of the forum state versus the interest of other states, are not particularly relevant. Moreover, there is no reason to believe that requiring NES to litigate this case in the Western District would place any additional burden on NES. Indeed, according to Plaintiffs, the boom lift is currently stored at NES's Louisville facility and "[a]ll of the NES witnesses expected to testify about the leasing, maintenance, and inspection of [the boom lift] are located in Kentucky and are believed to work out of NES's Louisville office." (Compl. ¶ 10). Overall, given that the first two prongs of the *Mohasco* test are met, it is difficult to conclude that jurisdiction over NES in the Western District is unreasonable under these facts.

### 2. *Genie Resides in Kentucky*

In its reply, Genie explains as follows:

> Plaintiffs incorrectly rely on Kentucky's long arm statute in their Opposition to the Motion to Transfer. Genie is not challenging Kentucky's jurisdiction over it. Rather, Genie is challenging the residency requirement in 28 USC § 1391(d) in the Western District of Kentucky. Genie has no contacts in the Western District.

> By moving to transfer venue to the Eastern District, Genie is consenting to personal jurisdiction in that District for purposes of the venue statute.

(Def.'s Reply 9 n.3, DN 25). It then goes on to argue that it is not subject to personal jurisdiction (i.e., does not reside in for venue purposes) in the Western District. Genie doubled down on its position at oral argument, explaining that, even if NES resides the Western District, venue is improper here because Genie does not reside in the Western District and venue must be proper as to all defendants.

Genie misunderstands the requirements of the venue statute. Years ago, in diversity cases, venue was proper only in the district "where all plaintiffs reside[d] or all defendants reside[d] . . . [;] suit [could] not be brought based on residence against multiple defendants in a district in which some but not all of them resided." 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3807 (discussing the requirements of the Judicial Code of 1948). This is **not** the law today. *Id.*; 28 U.S.C. § 1391(b)(1). Section 1391(b)(1) "permits venue in the district in which 'any,' not 'all' defendants reside, . . . if all defendants reside in the forum state." 14D Wright & Miller, *supra*, § 3807. Section 1391(d) does not change this; it merely explains how to determine in which district of a multi-district state a corporate defendant resides.

Which district Genie resides in is irrelevant. The Court has already concluded that NES resides in the Western District; therefore, under Section 1391(b)(1), Genie need only reside in Kentucky for venue to be proper here. Genie conceded in its reply and again at oral argument that it is subject to personal jurisdiction in Kentucky.[5] As a result, it necessarily resides in either

---

[5] Even without these admissions, the Court would find that Genie is subject to specific personal jurisdiction in Kentucky. *See, e.g.*, KRS 454.210(2)(a)(4); *Bridgeport Music Inc.*, 327 F.3d at 484.

the Western or Eastern District of Kentucky.[6] By residing in a district within Kentucky, Genie resides in Kentucky for purposes of Section 1391(b)(1).

B. <u>Section 1391(b)(2)</u>

Even if venue were somehow improper under Section 1391(b)(1), it would be proper under Section 1391(b)(2). Section 1391(b)(2) does not require a plaintiff to choose the "best possible forum." *Sechel Holdings*, 2012 U.S. Dist. LEXIS 108298, at *6-7 (citing *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998)). Rather, it allows a plaintiff to file "in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *Bramlet*, 141 F.3d at 263 (citation omitted). In conducting an analysis under this section, "[t]he Court must disregard the fact that more substantial or even the most substantial events took place in other judicial districts and focus on the events that occurred in the Western District of Kentucky." *Sechel Holdings*, 2012 U.S. Dist. LEXIS 108298, at *7 (citing *Bramlet*, 141 F.3d at 263; *Setco Enters., Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994); *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992)). The "[s]ubstantiality [requirement] is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute," and "[e]vents or omission[s] that might only have some tangential connection with the dispute in litigation are not enough." *Am. Nat'l Prop. & Cas. Co. v. Tosh*, No. 5:12-CV-00051, 2013 U.S. Dist. LEXIS 42972, at *13 (W.D. Ky. Mar. 27, 2013) (alterations in original) (internal quotation marks omitted) (citation omitted).

---

[6] Under the general venue statute, when a corporation is subject to personal jurisdiction in a state that has multiple districts, there will always be a district in that state in which it resides for venue purposes. *See* 28 U.S.C. 1391(d); *see also Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 578 (2013) ("[T]he venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant.").

Plaintiffs argue that the lease of the boom lift in Louisville creates a substantial connection between the Western District and its claims against NES and Genie. The Court agrees. The location where a defective product is sold or leased constitutes a substantial part of the events giving rise to a products liability claim. *See Harlow v. DaimlerChrysler Corp.*, No 2:05-CV-00207, 2005 U.S. Dist. LEXIS 39080, at *18 (E.D. Tex. Dec. 22, 2005).

## IV.    CONCLUSION

For the reasons discussed above, venue is proper in the Western District of Kentucky under 28 U.S.C. § 1391(b)(1) because NES resides here and all other defendants reside in Kentucky. Alternatively, venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' product liability claims occurred here. Therefore, Defendants' Joint Motion to Transfer for Improper Venue (DN 19) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
August 14, 2017

cc:    counsel of record