# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY LOUISVILLE**
**DIVISION**
**CIVIL ACTION NO. 3:16-CV-00608-GNS**

**SAMANTHA D. (ROWELL) COMMINS**
**Individually, and as Next Friend, Natural**
**Parent and Legal Guardian of N.C. and E.C.,**
**Minor Children, and as Personal Representative**
**And Ancillary Administratrix of the Estate of**
**SAMUEL JACK COMMINS, Deceased**                             **PLAINTIFFS**

**and**

**ACE AMERICAN INSURANCE COMPANY**               **INTERVENOR PLAINTIFF**

**vs.**

**NES RENTALS HOLDINGS, INC.,**
**NES EQUIPMENT SERVICES CORPORATION**
**d/b/a NES RENTALS, and GENIE INDUSTRIES, INC.**            **DEFENDANTS**
_____

**DEFENDANTS NES RENTALS HOLDINGS, INC. AND NES EQUIPMENT SERVICES**
**CORPORATION D/B/A NES RENTALS' OBJECTIONS AND ANSWERS TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
_____

Defendants, NES Rental Holdings, Inc. and NES Equipment Services Corporation d/b/a

NES Rentals (hereinafter collectively "NES"), by counsel, for their Objections and Answers to

Plaintiffs' First Set of Interrogatories to NES, hereby state as follows:

**<u>INTERROGATORIES</u>**

1. Please identify each person or persons who was or were involved in the acquisition,

maintenance, or testing of the Genie S-85 boom lift at issue in this Action, S8510-8304, or the

investigation following the incident.  As part of your answer, please identify for each person,

his/her last known address, phone number, employer, and the role or responsibilities with respect to the boom lift at issue.

**ANSWER:** Objection.  This Interrogatory is overly broad, vague, ambiguous, seeks information that is irrelevant, and is not proportional to the needs of this case.  This Interrogatory erroneously assumes facts not in the record, and is not limited in scope to NES personnel.  Without waiving the foregoing Objections, in addition to OSHA personnel, NES states the following:

Acquisition:

Edward Sander, Former Director of NES Equipment Corporation's Fleet Department, Perrysburg, Ohio

Susan Perry, Former NES Operations Coordinator

Maintenance/Testing:

Brandon Weber, Current Louisville Branch Manager

Wesley Hiem, Former Louisville Branch Service Manager

Tim Sanders, current NES Technician III, and various service technicians

KBR Personnel

Genie Personnel

Investigation:

Pat Lauritzen, Former NES Senior Manager Risk Management

Ryan Merry, Former NES Louisville Branch Manager

2.    Please identify each person or persons, including their last known address, phone number, and employer, who were or are responsible for ensuring that the equipment that NES leases or

2

rents is safe, including, but not limited to, whether such equipment includes all available safety equipment necessary to ensure the safety of operators.

**ANSWER:** <u>Objection</u>. This Interrogatory is overly broad, vague, ambiguous, seeks information that is irrelevant, and is not proportional to the needs of this case. The Interrogatory is not limited in time from 2010 when the subject Genie S-85 was purchased to the date of the subject incident on September 25, 2015, and is not limited in scope to the specific Genie telescopic boom lift (Unit #N63021, Model S-85, Serial #S8510-8304) which is subject of this litigation, or Genie S-85 telescopic boom lifts in general. This Interrogatory is vague as to the use of the term "safe." Further, this Interrogatory calls for a legal conclusion. The subject Genie S-85 was in the custody, care and control of KBR for approximately 1 year prior to decedent's death. Genie is the manufacturer of the subject S-85 boom lift.

3.      Please identify all incidents of which NES is aware that involves a boom lift resulting from an overhead obstacle or obstruction. For any such incident, please provide the following information if applicable: (a) time, date, and location of incident; (b) nature of the incident and injury or death; identity of victim; and (d) if litigation resulted, the jurisdiction and caption of the case and name, location, and phone number of the attorney for the victim.

**ANSWER:** <u>Objection</u>. This Interrogatory is overly broad, vague, ambiguous, seeks information that is irrelevant, seeks information outside of NES' knowledge, and is not proportional to the needs of this case. The Interrogatory is not limited in time from 2010 when the subject Genie S-85 was purchased to the date of the subject incident on September 25, 2015, and is not limited in scope to the specific Genie telescopic boom lift (Unit #N63021, Model S-85, Serial #S8510-8304) which is subject of this litigation, or such incidents involving NES or Genie

3

S-85 telescopic boom lifts in general. NES further objects to this Interrogatory to the extent Plaintiffs seek information that constitutes work product prepared in anticipation of litigation and/or is protected by the attorney/client privilege. Any incident prior to 2010 when the subject Genie S-85 was purchased or after the date of the subject incident on September 25, 2015, is irrelevant and/or constitutes a subsequent remedial measure. Without waiving the foregoing Objections, at this time, NES is not aware of any incidents involving a Genie S-85 telescopic boom lift and an overhead obstacle or obstruction.

4.      Please identify all incidents of which NES is aware that involves a boom lift resulting from an improperly functioning speed reduction limit switch. For any such incident, please provide the following information if applicable: (a) time, date, and location of incident; (b) nature of the incident and injury or death; identity of victim; and (d) if litigation resulted, the jurisdiction and caption of the case and name, location, and phone number of the attorney for the victim.

**ANSWER:** <u>Objection</u>. This Interrogatory is overly broad, vague, ambiguous, seeks information that is irrelevant, seeks information outside of NES' knowledge, and is not proportional to the needs of this case. The Interrogatory is not limited in time from 2010 when the subject Genie S-85 was purchased to the date of the subject incident on September 25, 2015, and is not limited in scope to the specific Genie telescopic boom lift (Unit #N63021, Model S-85, Serial #S8510-8304) which is subject of this litigation, or such incidents involving NES or Genie S-85 telescopic boom lifts in general. NES further objects to this Interrogatory to the extent Plaintiffs seek information that constitutes work product prepared in anticipation of litigation and/or is protected by the attorney/client privilege. Any incident prior to 2010 when the subject Genie S-85 was purchased or after the date of the subject incident on September 25, 2015, is irrelevant and/or constitutes a subsequent remedial measure. Without waiving the foregoing

4

Objections, at this time, NES is not aware of an incident in which it was alleged that the speed limit switches were functioning improperly on a Genie S-85.

5.     Please state whether NES monitors or tracks news of safety incidents or issues involving boom lifts.  If so, please identify how NES monitors or tracks such incidents and the name(s) and position(s) of the employee or employees with such responsibility.

**ANSWER:**  Objection.  This Interrogatory is overly broad, vague, ambiguous, seeks information that is irrelevant, and is not proportional to the needs of this case.  The Interrogatory is not limited in time from 2010 when the subject Genie S-85 was purchased to the date of the subject incident on September 25, 2015, and is not limited in scope to the specific Genie telescopic boom lift (Unit #N63021, Model S-85, Serial #S8510-8304) which is subject of this litigation, or Genie S-85 telescopic boom lifts in general. Without waiving the foregoing Objections, NES did not monitor or track news of safety incidents or issues involving boom lifts it did not own.

6.     Please identify each person or persons, including their last known address, phone number, and employer, who was or were actively involved in your determination whether to retrofit aerial lifts, including the Genie S-85 boom lift at issue in this case, with an available Operator Protective Structure, Operator Protective Alarm, Contact Alarm or any other system intended to protect the operator against collision with or entrapment from an overhead obstruction for each year beginning 2010 through the present.

**ANSWER:**  Objection.  This Interrogatory is overly broad, vague, ambiguous, seeks information that is irrelevant, and is not proportional to the needs of this case.  This Interrogatory erroneously assumes facts not in the record.  NES is not the manufacturer of the subject Genie S85. The Lease Agreement with KBR outlines the equipment which KBR orders. The Interrogatory is not limited in time from 2010 when the subject Genie S-85 was purchased to the date of the subject

5

incident on September 25, 2015, and not limited in scope to the specific Genie telescopic boom lift (Unit #N63021, Model S-85, Serial #S8510-8304) which is subject of this litigation, or Genie S-85 telescopic boom lifts in general. Without waiving the foregoing Objections, as a general rule, NES did not retrofit its boom lifts with Operator Protective Structures, Operator Protective Alarms, or Contact Alarms unless instructed to do so by the lift manufacturer. No ANSI or OSHA standards or regulations required retrofitting of Genie S-85 boom lifts with Operator Protective Structures, Operator Protective Alarms, or Contact Alarms. Genie did not require or instruct NES to retrofit the subject Genie S-85 with an Operator Protective Structure, Operator Protective Alarm, Contact Alarm, or any other system. KBR did not request NES to install or retrofit the subject Genie S-85 with an Operator Protective Structure, Operator Protective Alarm, Contact Alarm, or any other system.

This the 8th day of February, 2018.

/s/ Marc A. Lovell
/s/ Amanda M. Sowell
/s/ Justin L. Duncan
HARLIN PARKER
519 East Tenth Street
P.O. Box 390
Bowling Green, Kentucky 42102-0390
(270) 842-5611
Counsel for Counsel for NES Rentals Holdings, Inc.
and NES Equipment Services Corporation d/b/a/
NES Rentals

## VERIFICATION

Comes the Affiant, _____, an authorized representative of NES, and states that he has read the foregoing Objections and Answers and that the same are true and correct to the best of his information and belief.

This the _____ day of February, 2018.

By:_____
    An Authorized Representative of NES

STATE OF _____

COUNTY OF _____

SUBSCRIBED AND SWORN to before me by _____, an authorized representative of NES, this the _____ day of _____, 2018.

_____
NOTARY PUBLIC
My commission expires:_____

This the 8th day of February, 2018.

/s/ Marc A. Lovell
/s/ Amanda M. Sowell
/s/ Justin L. Duncan
HARLIN PARKER
519 East Tenth Street, P.O. Box 390
Bowling Green, KY  42102-0390
(270) 842-5611
Counsel for Counsel for NES Rentals Holdings, Inc.
and NES Equipment Services Corporation d/b/a/
NES Rentals

7

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was this the 8th day of February, 2018, served via email addressed to the following:

tthompson@kytrial.com
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com
cbuland@susmangodfrey.com  andrew@sher-
law.com  chris.cashen@dinsmore.com
christopher.jackson@dinsmore.com
lbeasley@umakylaw.com

/s/ Marc A. Lovell

8