UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:16-cv-00608-GNS

*Electronically Filed*

| | |
|---|---|
| SAMANTHA D. (ROWELL) COMMINS, Individually and as Next Friend, Natural Parent and Legal Guardian of N.C. and E.C., Minor Children, and as Personal Representative and Ancillary Administratrix of the Estate of SAMUEL JACK COMMINS, Deceased, | PLAINTIFFS |
| and | |
| ACE AMERICAN INSURANCE COMPANY | INTERVENOR PLAINTIFF |
| v. | **GENIE'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL** |
| GENIE INDUSTRIES, INC. | DEFENDANT |
| NES RENTALS HOLDINGS, INC., NES EQUIPMENT SERVICES CORPORATION d/b/a NES RENTALS | DEFENDANTS/ THIRD-PARTY PLAINTIFFS |
| v. | |
| KENTUCKY UTILITIES COMPANY, PPL SERVICES CORPORATION, AND LG&E AND KU ENERGY LLC | THIRD-PARTY DEFENDANTS |

\* \* \* \* \*

Defendant, Genie Industries, Inc. ("Genie"), by counsel, submits this Response in opposition to Plaintiffs' Motion to Compel ("Plaintiffs' Motion").

## INTRODUCTION AND SUMMARY OF ARGUMENT

This is a product liability action arising from Plaintiffs' decedent's misuse of a S-85 Aerial Work Platform ("AWP") manufactured by Genie and sold to NES Equipment Services Corporation ("NES") in 2010. More specifically, Plaintiffs' decedent, who was not certified by his employer, Kellogg, Brown & Root LLC ("KBR") to operate the AWP, violated the warnings and instructions of Genie and KBR, by extending the platform of the AWP into a steel I-beam 20-30 feet above the ground, without watching where the platform was telescoping and without having a co-worker present to monitor operation of the AWP. Plaintiffs' decedent died as a result of the tragic accident.

Plaintiffs served the following Request for Production of Documents on Genie, seeking cost, price, and profit information concerning both the Operator Protective Structure ("OPS") and Operator Protective Alarm ("OPA") that Genie provided as optional equipment for the AWP:

> **REQUEST NO. 20:** Documents sufficient to show the following:
>
> (a) The overall cost of designing and developing the Operator Protective Structure;
>
> (b) The overall cost of designing and developing the Operator Protective Alarm;
>
> (c) The unit cost of producing the Operator Protective Alarm;
>
> (d) The unit cost of producing the Operator Protective Alarm;
>
> (e) The retail price of the Operator Protective Structure;
>
> (f) The retail price of the Operator Protective Alarm;
>
> (g) How much revenue and profit Genie has made from sales of the Operator Protective Structure; and

      (h)    How much revenue and profit Genie has made from sales of the Operator Protective Alarm.

In Response to Request for Production of Documents No. 20, Genie produced no documents and stated:

> **RESPONSE:** Objection. Genie objects to this Request on the grounds that it is overly broad and seeks information that is irrelevant, confidential, commercially sensitive, and not proportional to the needs of the case.

Plaintiffs now seek an order from this Court compelling Genie to provide the information sought in Request for Production of Documents No. 20.[1] Plaintiffs' Motion should be denied.

First, much of the requested information/documents do not exist. It is blackletter law that Genie need not produce what it does not have. Second, Plaintiffs have not met their burden to prove that the requested information is relevant and proportional to the needs of the case.

## ARGUMENT

Information is discoverable <u>only</u> if it is "**relevant** to the claim or defense of any party" and "**proportional** to the needs of the case." Fed. R. Civ. P. 26 (b)(1)(emphasis added). Importantly, the need for discovery should not necessitate unreasonably broad discovery requests. *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999)("[D]iscovery does have ultimate and necessary boundaries"); *see also Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991)(the "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of the parties"). Thus, Plaintiffs "should not be permitted to roam in the shadow zones of relevancy and to explore a matter which

---

[1] Plaintiffs previously identified various alleged deficiencies with other discovery responses from Genie. With the exception of the single item above, all the current discovery disputes between Genie and Plaintiffs have been resolved.

does not presently appear germane on the theory that it might conceivably become so." *Blum v. Schlegel*, 150 F.R.D. 38, 39 (W.D.N.Y. 1993).

In determining whether requested information is discoverable, courts must not only consider relevancy, but also balance proportionality factors, such as: "the importance of the issues at stake in the litigation," the "importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26 (b)(1).

It is Plaintiffs' burden to prove that the requested information is discoverable. *Piacenti v. General Motors Corp.*, 173 F.R.D. 221, 223-26 (N.D. Ill. 1997)(holding plaintiff failed to satisfy her burden of showing that the requested information concerning a Suzuki Samurai sport utility vehicle was relevant to her product liability claim that her 1991 GEO Tracker sport utility vehicle was defective); *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995); *see also Dalka v. Sublett*, 2002 WL 1483877 at *3 (W.D. Tenn. 2002); *Westbrook v. Charlie Sciara & Son Produce Co., Inc.*, 2008 WL 839745 (W.D. 2008)(holding "[o]nce an objection to the relevance of the information sought is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action"). Plaintiffs cannot meet their burden, here.[2]

Genie has no obligation to produce documents in discovery that do not exist or create documents for the purpose of discovery. *Harris v. Advance Am. Cash Advance*, 288 F.R.D. 170 (S.D. Oh. 2012)("Rule 34 requires a party to produce documents that already exist and a party

---

[2] The financial information sought in Request for Production of Documents No. 20 is also overly broad. The Request is not limited to the AWP at issue in this litigation or the OPS and OPA that were offered as options on the AWP. Rather, the Request asks about overall costs, unit costs, retail price, and revenue for OPS and OPA, generally.

4

does not have to create a document in response to a request for production"); *In re Porsche Cars North America, Inc*., 2012 U.S. Dist. LEXIS 136954 (S.D. Oh. 2012) ("Defendants also need not create documents in order to respond to a request for production. If Defendants indicate that, after a reasonable inquiry, no documents exist that are responsive to the request, then their obligations under the Federal Rules are satisfied and the Court can compel nothing more"); *Cartel Asset Management v. Ocwen Financial Corp*., 2010 U.S. Dist. LEXIS 17857 (D. Colo. 2010) ("It is well-settled that a responding party's obligations under Rule 34 do not extend to non-existent materials"); *Alexander v. Fed. Bureau of Investigation*, 194 F.R.D. 305, 310 (D.D.C. 2000) ("A party is not required 'to prepare, or cause to be prepared,' new documents solely for their production"). Here, Genie does not have documents or information responsive to much of Request for Production of Documents No. 20, including 20 (a), 20 (b), 20 (g), and 20 (h).

Additionally, the information that Plaintiffs seek is not relevant and proportional to the needs of the case. As expected, Plaintiffs argue that the information sought in Request for Production of Documents No. 20, concerning information about design and development costs, production costs, and revenue and profits for OPS and OPA, are relevant to show that OPS and OPA were feasible alternative designs for the AWP. Genie, however, offers both OPS and OPA as optional features on the AWP. Likewise, other similar manufacturers offer OPS and OPA as optional features on aerial work platforms. OPS and OPA were also offered as modifications through the after-market industry. NES, a business knowledgeable about the AWP industry, simply chose not to purchase those optional features for the AWP. As a result, Genie does not contest that the OPA and OPS were economically feasible designs when the AWP was sold to NES in 2010. Since Genie does not contest that the OPA and OPS where economically feasible

5

designs, it is axiomatic that the requested information regarding the costs/profits of OPS and OPA is irrelevant. Likewise, Plaintiffs' discovery on an uncontested issue would fail the proportionality factors of Fed. R. Civ. P. 26 (b)(1).

Similarly, Plaintiffs' fallback position - that discovery of the OPS/OPA financial information is relevant to their punitive damages claim against Genie - is unsupported. First, Plaintiffs seek information concerning the design costs, unit production costs, retail price, and Genie's revenue and profit for OPS and OPA. However, the cases on which Plaintiffs rely in support of their argument concern the discovery of overarching financial information aimed at assessing a defendant's overall wealth. *See e.g. Corizon Health, Inc. v. Correctek, Inc.*, 2017 U.S. Dist. LEXIS 218247 (W.D. Ky. 2017)("Under federal law, however, evidence of a defendant's financial worth is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded" and ordering defendant to produce "state and federal income tax returns (as they became available), balance sheets, income statements, and all attached schedules"); *United States v. Matusoff Rental Co.*, 204 F.R.D. 396 (S.D. Oh. 2001)("The overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition"); *Westbrook*, 2008 WL 839745 ("Evidence of a defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages"). None of Plaintiffs' cases address the type of discrete product-specific financial information concerning optional safety equipment that Plaintiffs seek here.

Even if the Court concluded that the financial information which Plaintiffs seek is relevant and proportional, the better approach is to delay production of that information until Plaintiffs have shown they can get a punitive damages instruction to the jury. As this Court

6

knows, the standard for punitive damages is exacting. A plaintiff is required to prove that the defendant acted toward the plaintiff with oppression,[3] fraud,[4] malice[5], or gross negligence[6] to succeed in a claim for punitive damages. KRS 411.184(2); *Williams v. Wilson*, 972 S.W.2d 260, 263 (Ky. 1998). Overall, "there must be sufficient evidence of intentional misconduct or reckless disregard of the rights of [the plaintiff] to warrant submitting the right to award punitive damages to the jury." *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). In addition to establishing a high level of culpability in Genie's conduct, Plaintiffs must also prove the conduct by clear and convincing evidence**.** *Williams*, 972 S.W.2d at 264.

Genie intends to file a motion for partial summary judgment on Plaintiffs' punitive damages claim, as the claim is baseless. It makes no sense to order production of financial information, which is only relevant to the amount of punitive damages, when Plaintiffs have, to date, provided only naked allegations stating a claim for punitive damages.[7] The requested financial information is relevant only if Plaintiffs are able to submit a punitive damages instruction to the jury. Requiring Genie to disclose this irrelevant and competitively sensitive

---

[3] Oppression is conduct intended to "subject a plaintiff to cruel and unjust hardship." KRS 411.184(1)(a).

[4] Fraud is "intentional misrepresentation, deceit, or concealment of a material fact that is known to the defendant and is concealed with the intention of causing injury to the plaintiff." KRS 411.184(1)(b).

[5] Malice is "either conduct which is specifically intended by the defendant to cause tangible or intangible injury to the plaintiff or conduct that is carried out by the defendant both with a flagrant indifference to the rights of the plaintiff and with a subjective awareness that such conduct will result in human death or bodily harm." KRS 411.184(1)(c).

[6] Gross negligence retains its common law definition requiring defendant's conduct to be "outrageous in character" reflecting an "evil motive." *Horton v. Union Light and Power Co.*, 690 S.W.2d 382, 389 (Ky. 1985).

[7] Plaintiffs attempt to argue that the financial information they seek is relevant to not only the amount of punitive damages against Genie, but also to whether they are entitled to punitive damages against Genie. This argument does not hold water. As shown above, Genie does not dispute that the OPS and OPA are feasible designs for the AWP – they are offered as optional equipment! It strains reason to argue that NES' decision not to purchase optional equipment for the AWP shows Genie engaged in reckless conduct and subjects Genie to the punishment of punitive damages.

financial information now – when Plaintiffs have shown nothing entitling them to punitive damages – would be fundamentally unfair and damaging to Genie. If Plaintiffs are able to withstand summary judgment on their punitive damages claim against Genie, Genie will agree to provide the relevant financial information to Plaintiffs at that time.[8]

## CONCLUSION

Genie does not have much of the documents and information Plaintiffs ask this Court to compel – Genie cannot produce what it does not have. Plaintiffs have not proven that the financial information sought in Request for Production of Documents No. 20 is relevant and proportional under Fed. R. Civ. P. 26 (b)(1). Genie respectfully requests that the Court deny Plaintiffs' Motion to Compel.

                                                                 Respectfully submitted,

                                                                 /s/ Christopher R. Cashen
                                                                 CHRISTOPHER R. CASHEN
                                                                 CHRISTOPHER L. JACKSON
                                                                 DINSMORE & SHOHL, LLP
                                                                 250 W. Main Street, Suite 1400
                                                                 Lexington, Kentucky 40507
                                                                 859-425-1000
                                                                 *Counsel for Genie Industries, Inc.*

---

[8] Genie will agree to modify the Scheduling Order to permit discovery on this issue after the close of fact discovery in the event Genie's Motion for Partial Summary Judgement on Plaintiffs' punitive damages claim is denied.

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Tyler S. Thompson
tthompson@kytrial.com
Dolt, Thompson, Shepherd & Conway, PSC
13800 Luke Point Circle
Louisville, KY 40223
and
Vineet Bhatia
vbhatia@susangodfrey.com
Shawn L. Raymond
sraymond@susmangodfrey.com
Susman Godfrey, LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
and
Cory Buland
cbuland@susmangodfrey.com
Susan Godfrey, LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
and
Andrew Sher
Andrew@sher-law.com
3131 Eastside Street, Suite 440
Houston, TX 77098

Counsel for Plaintiff

Marc A. Lovell
lovell@harlinparker.com
Harlin Parker
519 East Tenth Street
P. O. Box 390
Bowling Green, KY 42102-0390
Counsel for Defendants,
NES Rentals Holdings, Inc. and
NES Equipment Services Corporation d/b/a
NES Rentals


Laura R. Beasley
lbeasley@umakylaw.com
U'Sellis Mayer & Associates, PSC
600 East Main Street, Suite 100
Louisville, KY 40202
Counsel for Intervenor Plaintiff,
ACE American Insurance Company

Jeremiah A. Byrne
Allison W. Weyand
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202
And
Travis Crump
Senior Corporate Attorney
LG&E and KU Energy LLC
Corporate Law Department
220 West Main Street
Louisville, KY 40202
Counsel for Kentucky Utilities Company

/s/ Christopher R. Cashen
*Counsel for Genie Industries, Inc.*

12593674v1