UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00608-GNS-RSE

*Filed Electronically*

| | |
|---|---|
| SAMANTHA D. (ROWELL) COMMINS<br>Individually, and as Next Friend, Natural<br>Parent and Legal Guardian of N.C. and E.C.,<br>Minor Children, and as Personal Representative<br>And Ancillary Administratrix of the Estate of<br>SAMUEL JACK COMMINS, Deceased | PLAINTIFFS |
| and | |
| ACE AMERICAN INSURANCE COMPANY | INTERVENOR PLAINTIFF |
| vs. | |
| GENIE INDUSTRIES, INC. | DEFENDANT |
| NES RENTALS HOLDINGS, INC.,<br>NES EQUIPMENT SERVICES<br>CORPORATION d/b/a NES RENTALS | DEFENDANTS /<br>THIRD-PARTY PLAINTIFFS |
| vs. | |
| KENTUCKY UTILITIES COMPANY,<br>PPL SERVICES CORPORATION, AND<br>LG&E AND KU ENERGY LLC | THIRD-PARTY DEFENDANTS |

**DEFENDANTS KENTUCKY UTILITIES COMPANY, PPL SERVICES
CORPORATION, AND LG&E AND KU ENERGY LLC'S
MOTION TO STRIKE NES' EXPERT DISCLOSURES**

\* \* \* \* \* \* \* \* \*

Defendant NES'[1] expert disclosure was untimely and should be stricken. On February 22, 2019, Magistrate Judge Edwards entered an Order denying NES' Motion to extend their Expert Disclosure Deadline. The Court found that NES' failure to disclose their expert's report on time

---

[1] "NES" shall refer, collectively, to Defendants/Third-Party Plaintiffs NES Rentals Holdings, Inc. and NES Equipment Services Corporation d/b/a NES Rentals.

was without good cause and prejudiced Third-Party Defendants Kentucky Utilities Company, PPL Services Corporation, and LG&E and KU Energy LLC, (collectively "KU"). [*See* D.N. 130, PageID #: 1434].

Less than two hours later, and in direct contradiction of Magistrate Judge Edwards' Order, NES served a "Supplement" to their Expert Disclosures containing the report of Kevin Rider. [*See* D.N. 131]. Fed. R. Civ. P. 37(c)(1) requires that Mr. Rider's report be stricken because it was over three weeks late and served after the Court denied NES' request to extend the deadline. KU also seeks an award of attorney's fees and costs associated with this Motion to Strike.

## BACKGROUND

This is a wrongful death action on behalf of the Estate of Samuel Jack Commins, who died while operating a boom lift on September 25, 2015 during his employment with Kellogg, Brown & Root Construction Company. Plaintiffs filed suit in September of 2016, asserting claims against Defendant Genie Industries, Inc., the manufacturer of the boom lift, and NES, the company that leased the boom lift to Mr. Commins' employer. In February 2018, NES filed a Third-Party Complaint against KU, alleging that KU was potentially responsible for Mr. Commins' death. The Third-Party Complaint against KU vaguely referenced lighting issues as a potential cause of Mr. Commins' death. [*See* D.N. 70, at ¶ 13].

Various discovery disputes have arisen between and among the parties since the addition of KU as third-party defendants.[2] Most recently, NES sought to delay the case schedule by twenty days to accommodate their failure to timely disclose a "lighting expert" to testify against KU. [*See* D.N. 126]. NES claimed that their expert needed additional time to review the transcripts from

---

[2] Magistrate Judge Edwards' Order denying NES' Motion to Extend its Expert Deadline details NES' lack of diligence in complying with Court-ordered deadlines, despite previously requesting and receiving multiple extensions of time. [*See* D.N. 130, at PageID # 1434].

the Rule 30(b)(6) depositions completed just before the close of discovery. Both Plaintiffs and KU filed responses opposing NES' Motion to Extend. [*See* D.N. 127, 128].

On February 22, 2019, this Court denied NES' motion, finding that NES failed to establish "good cause" for their requested extension. [DN 130, PageID #: 1431]. As grounds for its denial, the Court reasoned that NES had previously received two extensions totaling 150 additional days to the Scheduling Order deadlines, both over Plaintiffs' objection. The Court also rejected NES' excuses for their late disclosure, noting that the record did not support NES' claims that they were diligent and finding that "NES had other options for curing the issue before the deadline ran." [*Id.* at PageID #: 1433]. Finally, the Court noted the prejudice to Plaintiffs and KU caused by NES' proposed extension. [*Id.* at PageID #: 1434].

Less than two hours after entry of the Court's Order denying NES' Motion to Extend, NES served Plaintiff and KU with a "Supplemental" Expert Disclosure, consisting of the report of Kevin Rider. Even though NES had three additional weeks to prepare Mr. Rider's opinions, Mr. Rider's report opens by saying that he is providing only his "<u>preliminary opinions</u>" regarding Mr. Commins' fatal incident. Neither NES nor Mr. Rider specify when they intend to disclose Mr. Rider's final and complete opinions. Moreover, contrary to NES' claim that they needed to extend deadlines in order to incorporate the testimony of KU's and NES' Fed. R. Civ. P. 30(b)(6) witnesses, Mr. Rider's opinion makes **no reference** to these witnesses' testimony as a basis for his opinions other than to say that he reviewed the deposition transcripts.

## ARGUMENT

1. **NES failed to timely disclose Mr. Rider's expert opinions in compliance with Fed. R. Civ. P. 26.**

This Court should strike NES' expert disclosure of Mr. Rider because it is untimely, contrary to the Court's Orders, and prejudicial to KU. First, NES did not submit Mr. Rider's report

3

until February 22, 2019, over three weeks after the deadline set forth in the Court's Scheduling Order. [*See* D.N. 120]. NES describes its February 22 disclosure as "supplemental" in an apparent attempt to persuade the Court that it is merely amending a prior disclosure in compliance with Fed. R. Civ. P. 26(e). But NES never submitted a proper Fed. R. Civ. P. 26(a)(2) disclosure in the first place. Rather, late in the afternoon on the deadline for its disclosures, NES served Plaintiff and KU with a "Partial Disclosure" consisting of Kevin Rider's curriculum *vitae* and prior testimony only.

NES' "Partial Disclosure" did not satisfy the requirements of Fed. R. Civ. P. 26(a)(2). Because Mr. Rider is "retained or specially employed to provide expert testimony in this case," NES was required to produce a written report containing "a complete statement of ***all*** opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; [and] any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). The "Partial Disclosure," although served within the Court-ordered deadline, included none of these items. For this reason alone, NES' disclosure of Mr. Rider should be stricken as untimely. *Bumpus v. Carhartt, Inc.*, No. 4:13CV-00104-JHM, 2016 WL 9456352, at *3 (W.D. Ky. Mar. 17, 2016) (Rule 26(e) disclosures "are not intended to provide an extension of the expert designation and report production deadline.") (internal citations omitted) (copies of unpublished cases are attached hereto as **Exhibit A** for the Court's convenience).

NES' "Supplemental Disclosure" does include a written report of Mr. Rider. However, NES submitted the report over three weeks late. In addition, Mr. Rider's report begins with the caveat that he is providing "preliminary opinions regarding Mr. Samuel Jack Commins's fatal incident… ." Mr. Rider goes on to opine that "KU … should have provided adequate general illumination in the area in which the work was to be performed" and "KU['s] reliance on the use

of individual task lighting to protect their employees created an unreasonably dangerous condition that was a cause of this incident." Aside from these conclusory statements, Mr. Rider points to no documents, facts, data, or exhibits supporting these opinions with respect to KU. Most notably, Mr. Rider's opinions make no reference to the testimony of NES' and KU's 30(b)(6) witnesses, even though NES previously claimed that such testimony was necessary to complete Mr. Rider's report. [*See* D.N. 126]. Thus, NES' "Supplemental Disclosure" still fails to meet the requirements of Fed. R. Civ. P. 26 and should be stricken.

**2. Fed. R. Civ. P. 37(c)(1) and this Court's orders require exclusion of Mr. Rider's opinions.**

Where, as here, a party fails to provide information as required by Fed. R. Civ. P. 26(a), that party is not allowed to use that information or witness to supply evidence at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c); *McCartt v. Kellogg USA, Inc.*, No. CV 5:14-318-DCR, 2015 WL 12978152, at *1 (E.D. Ky. July 20, 2015); *See Matilla v. South Kentucky Rural Elec. Co-op Corp.*, No. 6:04-380-DCR, 2006 WL 7128675, at *4 (E.D. Ky Jan. 20, 2006) (discussing the standard for substantial justification). Here, the Court has already determined that NES' delay in disclosing Mr. Rider was neither justified nor harmless.

Magistrate Judge Edwards' February 22 Order expressly found that NES could not show "good cause" for extending the January 29, 2019 deadline for their expert disclosures, noting that "[the] factors weigh strongly against NES's requested extension." [D.N. 130, Page ID #: 1432]. In particular, the Court rejected NES' claims that they were diligent in trying to meet that deadline as unsupported by the email communications between counsel for NES and KU in which KU's counsel repeatedly attempted to schedule Rule 30(b)(6) depositions well in advance of the discovery deadline. [*Id.*] Moreover, despite NES' nearly month-long delay in producing Mr. Rider's report, the report contains nothing more than conclusory statements concerning KU's

liability and makes no reference to the Rule 30(b)(6) witness testimony that was supposedly the reason for the delay and integral to his opinions. For these reasons, NES' failure to issue Mr. Rider's report on time was not "substantially justified."

The Court has also already determined that NES' delay was not "harmless" because both KU and Plaintiffs would be prejudiced by NES' requested extension. Specifically, the Order notes that "if the Court grants NES's requested extension, it will need to extend the other scheduling order deadlines in the case to give Kentucky Utilities additional time to complete its responsive reports." [*Id.* at 1432]. The Court declined to do so: "[d]erailing the schedule of this two-and-a-half-year-old case again at this late date would prejudice Plaintiff and Kentucky Utilities." [*Id.*]

3. **In the event that the Court does not strike NES' Expert Disclosure, KU should be provided additional time to depose NES' expert and make its disclosure.**

As set forth above, NES' expert disclosure should be stricken. However, if this Court chooses not to strike NES' expert disclosure, fairness dictates that KU be provided an additional month after any ruling denying KU's Motion to Strike to depose Mr. Rider and a month after that to disclose its own responsive expert.

4. **KU is entitled to attorneys' fees and costs related to the filing of this Motion due to NES's failure to comply with this Court's discovery deadlines.**

Rule 37(c)(1) further authorizes the Court to order "payment of the reasonable expenses, including attorney's fees, caused by the failure" to disclose an expert report. Fed. R. Civ. P. 37(c)(1)(A); *see also CUCS Unlimited Contracting Servs., Inc. v. Comdata Inc.*, No. 3:17-CV-01158, 2019 WL 483313, at *4 (M.D. Tenn. Feb. 7, 2019). These expenses and fees may be awarded in addition to other sanctions on motion and after giving an opportunity to be heard. *Id.* In this case, an award of costs and fees is appropriate because NES blatantly disregarded the Court's Orders by serving Mr. Rider's report just hours after the Court denied NES' Motion to

6

Extend their expert deadlines. KU was then forced to waste time and expense preparing this Motion to Strike to clarify the record and to enforce the Court's prior rulings. As such, KU respectfully requests that the Court order NES to reimburse KU for all attorneys' fees and costs associated with the filing of this Motion. KU will submit an Affidavit of Fees and Costs to the Court upon request.

## **CONCLUSION**

For all of the foregoing reasons, NES' February 22, 2019 expert report of Mr. Kevin Rider should be stricken from the record pursuant to Fed. R. Civ. P. 37(c)(1).

Respectfully submitted,

FROST BROWN TODD LLC

*/s/ Jeremiah A. Byrne*
Jeremiah A. Byrne
Allison W. Weyand
400 W. Market St., 32nd Floor
Louisville, KY  40202
(502) 589-5400
(502) 581-1087 – facsimile
jbyrne@fbtlaw.com
aweyand@fbtlaw.com

Travis A. Crump
Senior Corporate Attorney
LG&E and KU Energy LLC
Corporate Law Department
220 W. Main St.
Louisville, KY  40202
(502) 627-2756

*Counsel for Kentucky Utilities Company Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of March, 2019, a true and accurate copy of the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will send a notice of electronic filing to the following:

Tyler S. Thompson
Dolt, Thompson, Shepherd & Conway, PSC
13800 Lake Point Circle
Louisville, KY  40223
TThompson@kytrial.com
*Counsel for Plaintiffs*

Vineet Bhatia
Shawn L. Raymond
Susman Godfrey L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX  77002
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com
*Counsel for Plaintiffs*

Cory Buland
Susman Godfrey L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY  10019
cbuland@susmangodfrey.com
*Counsel for Plaintiffs*

Andrew Sher
The Sher Law Firm PLLC
3131 Eastside St.
Suite 440
Houston, TX  77098
andrew@sher-law.com
*Counsel for Plaintiffs*

Marc A. Lovell
Amanda M. Sowell
Harlin Parker
519 E. 10th St.
P.O. Box 390
Bowling Green, KY  42101
lovell@harlinparker.com
sowell@harlinparker.com
*Counsel for Defendants, NES Rentals Holdings, Inc. and NES Equipment Services Corporation d/b/a NES Rentals*

Christopher R. Cashen
Christopher L. Jackson
Dinsmore & Shohl, LLP
250 W. Main St.
Suite 1400
Lexington, KY  40507
chris.cashen@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant, Genie Industries, Inc.*

Laura R. Beasley
U'Sellis Mayer & Associates PSC
600 E. Main St.
Suite 100
Louisville, KY  40202
lbeasley@umakylaw.com
*Counsel for Intervening Plaintiff, ACE American Insurance Company*

                                          */s/ Jeremiah A. Byrne*
                                          *Counsel for Kentucky Utilities Company Defendants*