*Jury Copy*

**FILED**

VANESSA L ARMSTRONG, CLERK

September 17, 2020

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00608-GNS-RSE

SAMANTHA D. ROWELL COMMINS                                    PLAINTIFF

v.

GENIE INDUSTRIES, INC.                                       DEFENDANT

## JURY INSTRUCTIONS

These instructions will be in three parts:  (1) general rules that define and control your duties as jurors, (2) rules for your deliberations, and (3) the rules of law that you must apply in deciding whether the parties have proven their claims.  A copy of these instructions will be available to you in the jury room.

### I.     GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors.  First, you must decide what the facts are based on the evidence you saw and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law as I have described it, apply it to the facts, and decide if Plaintiff has proved her claims by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of trial to follow my instructions as given, even if you personally disagree with them.  This includes the instructions I gave you both before and during the trial, and these instructions.  All the instructions are important and should be considered together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is any different from what I have said, you must follow what I have said.  What I have said about the law controls.

1

GS

Perform these duties fairly, and do not let any bias, sympathy, or prejudices that you may feel toward one side or the other influence your decision in any way.

### A.    Evidence

You must make your decision based on the evidence you saw and heard in court.  This consists of sworn testimony of witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings, comments, and questions are not evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked.  Do not speculate about what a witness might have said.  I may have ordered you to disregard things you saw or heard, or I struck things from the record.  You must completely ignore all these things.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### B.    Direct & Circumstantial Evidence

Now, some of you may have heard of the terms "direct evidence" and "circumstantial evidence." Let me explain what those mean.

Direct evidence is simply evidence like the testimony of an eyewitness, which if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

65

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

C.    **Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a)    Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b)    Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(c)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d)    Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e)    Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

3

(f)      And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

One more important point about witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.  Do not make any decisions based solely on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

### D.      **Lawyers' Objections**

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

### E.      *Opinion Evidence*

You have heard testimony from people described as experts.  Persons who, by education and experience, have become an expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**F.    Liability of Corporations**

During trial, you will have heard the names of different entities that are corporations. The fact that these are corporations should not affect your decision. All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

## II.    JURY DELIBERATIONS

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 5-3, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

**A.    Experiments, Research, Investigation, and Outside Communication**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, or computer, the internet, any Internet service, or any text or instant messaging service, or social media, to communicate to anyone any information about this case or to conduct any research about this case until I

65

accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use electronic means to investigate or communicate about the case because it is important that you decided this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### B. **Duty to Deliberate**

Now that all evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that-your vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussion in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.  Listen carefully to what the other jurors

have to say, and then decide for yourself if the plaintiff has established every essential element of her claim by a preponderance of the evidence as to each claim.

C.      **Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

GS

## INSTRUCTION NO. 1
### Foreperson; Verdict

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, you will fill out the verdict form as appropriate. You will then return with your verdict to the courtroom. All eight (8) of you must unanimously agree upon a verdict.

Please proceed to the next instruction.

*GS*

## INSTRUCTION NO. 2
### Burden of Proof

The Plaintiff has alleged that the S-85 boom lift was defective and unreasonably dangerous as designed by Genie Industries, Inc. and that the defective and unreasonably dangerous design of the S-85 boom lift was a substantial factor in causing the injuries to Samuel Jack Commins. The Plaintiff also alleges that Genie Industries, Inc. failed to exercise ordinary care in the design of the S-85 boom lift; and that this failure to exercise ordinary care was a substantial factor in the death of Samuel Jack Commins.

The Plaintiff has the burden of proving her case against Genie Industries, Inc. by what is called a "preponderance of the evidence." This means that the Plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not. The term "preponderance of the evidence" does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Genie Industries, Inc. has alleged that the Samuel Jack Commins failed to exercise ordinary care for his own safety and that was a substantial factor in causing his death, and that NES Rentals, and Kellogg, Brown & Root likewise failed to exercise ordinary care, which failure also was a substantial factor in causing Samuel Jack Commins' death.

Genie Industries, Inc. has the burden of proving any allegation of fault against Samuel Jack Commins, NES Rentals, and Kellogg, Brown & Root by a preponderance of the evidence. In regard to that allegation, this means that Genie Industries, Inc. has to produce evidence that, considered in light of all the facts, leads you to believe that what Genie Industries, Inc. claims is more likely true than not.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

GS

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

Please proceed to the next instruction.

GS

## INSTRUCTION NO. 3
### Ordinary Care

The term "ordinary care" as used in these instructions means such care as the jury would expect an ordinary prudent person or business to exercise under the same or similar circumstances.

Please proceed to the next instruction.

65

## INSTRUCTION NO. 4A
### Substantial Factor

The term "substantial factor" as used in these instructions means a person's or company's conduct has such an effect that reasonable persons would regard the conduct as a cause of the resulting injury. That is, an act or failure to act must play a significant part in bringing about or actually causing the injury, and the injury must have been a direct result or reasonably probable consequence of the act or omission.

Please proceed to the next instruction.

### INSTRUCTION NO. 4B

You heard evidence that Genie Industries, Inc. made the lift guard contact alarm a standard

feature in 2017, which is after the death of Samuel Jack Commins.  In considering the facts, you cannot

consider—and I am asking that you do not consider—that fact in determining whether the S-85 boom lift

in this case was unreasonably dangerous or negligently designed when it was made.  Instead, you may

consider it only in determining if such a design was feasible when the S-85 boom lift in this case was

made and in determining the amount of punitive damages you award, if you choose to award them.  This

does not apply to changes made by any other boom lift manufacturer after the accident that killed Samuel

Jack Commins.

Please proceed to the next instruction.

## INSTRUCTION NO. 5
### Design Defect Claim

The Plaintiff claims the design of the S-85 boom lift manufactured by Genie Industries, Inc. made it defective and unreasonably dangerous at the time it was sold. A product is defective and unreasonably dangerous if it creates such a risk of injury to a prospective user that an ordinarily reasonable prudent company engaged in the design and manufacture of a similar product, being fully aware of the risk, would not have put the product on the market.

A manufacturer is not required to design the best possible product, or products as good as other manufacturers' make, so long as the product is reasonably safe. What the manufacturer is required to do is to make a product that is free from defective and unreasonably dangerous conditions. The manufacturer is not an insurer that no one will be injured in using the product, and a product is not defective and unreasonably dangerous merely because it is possible to be injured while using it.

You will find for the Plaintiff if you are satisfied from the evidence that:

1.      The S-85 boom lift was defective and unreasonably dangerous, as that term is defined above, at the time it was sold; and

2.      The defective and unreasonably dangerous design of the S-85 boom lift was a substantial factor in causing the death of Samuel Jack Commins.

Otherwise, you will find for Genie Industries, Inc. on this claim.

14

Do you find from the evidence that the S-85 boom lift, as designed and manufactured by Genie Industries, Inc., was defective and unreasonably dangerous, and that the design and manufacture of the S-85 boom lift was a substantial factor in causing the death of Samuel Jack Commins?

Yes _____     No ___✓___

Redacted

9/17/20
DATE

Please proceed to the next instruction.

15

6 5

## INSTRUCTION NO. 6
### Negligence

The Plaintiff claims that Genie Industries, Inc. failed to exercise ordinary care in the design of the S-85 boom lift which Samuel Jack Commins was operating at the time of his death. It was the duty of Genie Industries, Inc. to exercise ordinary care in designing the S-85 boom lift. You will find for the Plaintiff if you are satisfied from the evidence that:

1. Genie Industries, Inc. failed to exercise ordinary care in the design of the S-85 boom lift; and

2. This failure to exercise ordinary care was a substantial factor in the death of Samuel Jack Commins.

Otherwise, you will find for Genie Industries, Inc. on this claim.

Do you find from the evidence that Genie Industries, Inc. failed to exercise ordinary care in the design of the S-85 boom lift, and that this failure to exercise ordinary care was a substantial factor in the death of Samuel Jack Commins?

Yes _____     No ✓

Redacted

9/17/20
DATE

If you answered "Yes" to Instruction No. 5 or Instruction No. 6, please proceed to the next instruction. If you answered "No" to both Instruction No. 5 and Instruction No. 6, please proceed no further and notify the Court Security Officer that you have reached a verdict.

16

G.S.

## INSTRUCTION NO. 7
### Negligence of Samuel Jack Commins

It was the duty of Samuel Jack Commins to exercise ordinary care for his own safety in operating the S-85 boom.  Genie Industries, Inc. asserts that he failed to do so.  Therefore, you must determine whether you are satisfied from the evidence that:

1.      Samuel Jack Commins failed to exercise ordinary care for his own safety in operating the S-85 boom on the day of the accident; and

2.      This failure to exercise ordinary care was a substantial factor in the death of Samuel Jack Commins.

Do you find from the evidence that Samuel Jack Commins failed to exercise ordinary care for his own safety in operating the S-85 boom on the day of the accident, and that this failure to exercise ordinary care was a substantial factor in the death of Samuel Jack Commins?

Yes    _____        No    _____

_____
FOREPERSON

_____
DATE

Please proceed to the next instruction.

17

### INSTRUCTION NO. 8
**Negligence of NES Rentals**

It was the duty of NES Rentals to exercise ordinary care in renting, inspecting, and maintaining the S-85 boom lift so that it was in a reasonably safe condition for use.  Therefore, you must determine whether you are satisfied from the evidence that:

1.  NES Rentals failed to exercise ordinary care in renting, inspecting, and maintaining the S-85 boom lift so that it was in a reasonably safe condition for use; and

2.  This failure to exercise ordinary care was a substantial factor in the death of Samuel Jack Commins.


Do you find from the evidence that NES Rentals failed to exercise ordinary care in renting, inspecting, and maintaining the S-85 boom lift so that it was in a reasonably safe condition for use, and that this failure to exercise ordinary care was a substantial factor in the death of Samuel Jack Commins?

Yes    _____    No    _____

_____
FOREPERSON

_____.
DATE

Please proceed to the next instruction.

18

*6 S.*

## **INSTRUCTION NO. 9**
### Negligence of Kellogg, Brown, & Root

It was the duty of Kellogg, Brown, & Root to exercise ordinary care in supervising and training its employees, in renting the S-85 boom lift, and in inspecting and maintaining the S-85 boom lift so that it was in a reasonably safe condition for use. Therefore, you must determine whether you are satisfied from the evidence that:

1.     Kellogg, Brown, & Root failed to exercise ordinary care in supervising and training its employees, in renting the S-85 boom lift, and in inspecting and maintaining the S-85 boom lift so that it was in a reasonably safe condition for use; and

2.     This failure to exercise ordinary care was a substantial factor in the death of Samuel Jack Commins.

Do you find from the evidence that Kellogg, Brown, & Root failed to exercise ordinary care in supervising and training its employees, in renting the S-85 boom lift, or in inspecting and maintaining the S-85 boom lift so that it was in a reasonably safe condition for use, and that this failure to exercise ordinary care was a substantial factor in the death of Samuel Jack Commins?

Yes     _____     No     _____

_____
FOREPERSON

_____
DATE

Please proceed to the next instruction.

19

### INSTRUCTION NO. 10
**Comparative Fault**

If you find for the Plaintiff under Instruction No. 5 or Instruction No. 6 (or both), but are also satisfied from the evidence that any or all of the person or companies identified in Instruction Nos. 7-9 failed to comply with his/its duty and that such failure was a substantial factor in causing the death of Samuel Jack Commins, you will determine from the evidence and indicate what percentage of total fault for the accident is attributable to each party.

In determining the percentages of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between their conduct and the damages claimed. You must also insure that the percentages of fault calculated total 100%. If you answered "No" to any of the Instruction Nos. 7, 8, or 9, you will place a zero in the line for each person or company for which you answered "No".

| | |
|---|---|
| Genie Industries, Inc. | _____ % |
| Samuel Jack Commins | _____ % |
| NES Rentals | _____ % |
| Kellogg, Brown, & Root | _____ % |

TOTAL:     100%

_____
FOREPERSON

_____
DATE

Please proceed to the next instruction.

20

65

## INSTRUCTION NO. 11
### Compensatory Damages

If you find for the Plaintiff under Instruction No. 5 or Instruction No. 6, then you will determine from the evidence and award the Plaintiff a sum of money that will fairly and reasonably compensate the Plaintiff for the following damages that you believe from evidence that were sustained, or will be sustained, directly by reason of Samuel Jack Commins' death:

(a)    a sum which will fairly compensate Samuel Jack Commins' estate for the destruction of his power to earn money, together with funeral expenses;

(b)    a sum that will fairly and reasonably compensate for whatever conscious physical or mental suffering you believe from the evidence Samuel Jack Commins sustained prior to his death as a direct result of the accident;

(c)    a sum of money that will fairly and reasonably compensate Samantha Commins for whatever loss of services, assistances, aid, society, companionship, and conjugal relationship of her husband you believe from the evidence she has sustained or is reasonably certain to sustain in the future as a direct result of Samuel Jack Commins' death; and

(d)    a sum of money that will fairly and reasonably compensate E.C. and N.C. for whatever loss of love, affection, guidance, care, comfort, and protection of their father that they have been deprived of both now and until the age of majority as a direct result of Samuel Jack Commins' death.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

21

You must determine the amount of damages without regard to percentages of fault you may attribute to any party.

We, the Jury, award the Plaintiff the following damages:

(a)     Destruction of Samuel Jack Commins' power to earn to money, together with funeral expenses (not to exceed $3,791,686.66):                    $_____

(b)     Physical or mental suffering Samuel Jack Commins sustained prior to his death (not to exceed $5,000,000.00):                    $_____

(c)     Loss of services, assistances, aid, society, companionship, and conjugal relationship of Samuel Jack Commins by Samantha Commins (not to exceed $10,000,000.00):                    $_____

(d)     Loss of love, affection, guidance, care, comfort, and protection of her father by E.C.  that she has been deprived of both now and until the age of majority (not to exceed $10,000,000.00):                    $_____

(e)     Loss of love, affection, guidance, care, comfort, and protection of his father by N.C. that he has been deprived of both now and until the age of majority (not to exceed $10,000,000.00):                    $_____


_____ _____ ___ ___

FOREPERSON

_____ ___

DATE

Please proceed to the next instruction.

G S

## INSTRUCTION NO. 12
### Punitive Damages

If you find for Plaintiff and award damages according to Instruction No. 11, and you are further satisfied by clear and convincing evidence that Genie Industries, Inc. acted with gross negligence towards Samuel Jack Commins, you may in your discretion award punitive damages against Genie Industries, Inc., in addition to compensatory damages already awarded in Instruction No. 11.

As used in this instruction:

(a)    "Gross negligence" means a reckless disregard towards the lives and safety of others, including Samuel Jack Commins.

(b)    "Punitive damages" are damages awarded against Genie Industries, Inc. for the purpose of punishing Genie Industries, Inc. for its misconduct in this case and deterring it and others from engaging in similar conduct in the future.

(c)    "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of evidence standard; however, proof to an absolute certainty is not required.

Whether you make an award of punitive damages, in addition to the compensatory damages previously awarded, is a matter exclusively within your discretion. If, however, you award punitive damages, in determining the amount thereof, you should consider the following factors:

(a)    The likelihood at the time of such misconduct by Genie Industries, Inc. that serious harm would arise from it;

(b)    The degree of Genie Industries, Inc. awareness of that likelihood;

(c)    The profitability of the misconduct to Genie Industries, Inc.;

(d)    The duration of the misconduct and any concealment of it by Genie Industries, Inc.; and

(e)    Any actions by Genie Industries, Inc. to remedy the misconduct once it became known to Genie Industries, Inc.

65

Evidence of Genie Industries, Inc.'s conduct occurring outside Kentucky may be considered only in determining whether Genie Industries, Inc.'s conduct occurring in Kentucky was reprehensible, and if so, the degree of reprehensibility. However, you must not use out-of-state evidence to award the Plaintiff punitive damages against Genie Industries, Inc. for conduct that occurred outside Kentucky.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

If you award punitive damages, you will state the amount separately from the sum or sums awarded under Instruction No. 11.

Do you find by clear and convincing evidence that Genie Industries, Inc. acted with gross negligence towards Samuel Jack Commins?

Yes _____          No   _____

If you answered "Yes", we, the Jury, award the following amount of punitive damages which is appropriate in this case:                                                     $_____

_____
FOREPERSON

_____
DATE

Please notify the Court Security Officer that you have reached a verdict.

G.S.